NO. 12-04-00078-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
KELVIN DELROY BARNES,                            §                APPEAL FROM THE 123RD
APPELLANT
 
V.                                                                         §                JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                         §                SHELBY COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
PER CURIAM
            Kelvin Delroy Barnes appeals his conviction for delivery of a controlled substance, for which
he was sentenced to two years of confinement in a state jail facility. Appellant’s counsel filed a brief
in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.
 
Background
            Appellant was charged by indictment with delivery of a controlled substance, cocaine, in an
amount of less than one gram, by aggregate weight, including any adulterants or dilutants, a state jail
felony.


 More specifically, the indictment alleged that on April 6, 2001, Appellant knowingly
delivered, by constructive transfer, to Investigator Kimberly Courtney, a controlled substance,
namely, cocaine. Appellant pleaded “not guilty.” At trial, Courtney, an investigator with the Deep
East Texas Regional Narcotics Trafficking Task Force, testified that, before the confidential
informant, Bruce Benjamin, made a purchase of illegal drugs, he and his vehicle were searched and
a video camera and audio recording equipment were placed in his vehicle. Courtney observed
Benjamin drive to an area in Center, Shelby County, Texas, known for drug activity. Then, she
observed him leave the area, met him at a predetermined location, recovered the evidence, one off-white rock-like object, and secured the videotape. Courtney stated that the evidence field tested
positive for crack cocaine, approximately .12 grams.
            Dana Vanya, an investigator for the Task Force, testified similarly. Additionally, she stated
that, when Benjamin drove to the known drug area, she and Courtney maintained a loose surveillance. 
After Detective Walter Shofner identified Appellant, Vanya showed Benjamin a county jail
photograph of Appellant. According to Vanya, Benjamin positively identified Appellant as being the
same person who sold him narcotics. Both Courtney and Vanya admitted that they did not recognize
the person shown delivering drugs on the videotape nor had they seen Appellant in person before
trial. Ronrio Mendiola, a lieutenant with the Task Force in April 2001, testified that he showed the
videotape described above to Shofner. 
            Shofner, a detective with the Center Police Department, testified that he knew Appellant prior
to April 2001. At trial, Shofner identified Appellant as the person delivering drugs on the videotape. 
Benjamin testified that he was a confidential informant and drove the vehicle in the videotape.
Benjamin stated that, on April 6, 2001, he “made a buy,” and identified Appellant as the person who
sold him drugs. Appellant denied that, on April 6, 2001, he delivered rock cocaine to Benjamin. In
fact, Appellant denied ever seeing Benjamin before trial. Appellant admitted knowing Shofner, that
he had been jailed or imprisoned for other offenses, and that he was currently on probation. At the
conclusion of the trial, the jury found Appellant guilty of delivery of a controlled substance as
charged in the indictment and assessed punishment at two years of confinement and a $10,000 fine.



This appeal followed.
 
 
Analysis pursuant to Anders v. California
            Appellant’s counsel filed a brief in compliance with Anders and Gainous, stating that he has
diligently reviewed the appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated. Appellant did not file a pro
se brief. From our review of Appellant’s brief, it is apparent that his counsel is well acquainted with
the facts in this case. In compliance with Anders, Gainous, and High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. 1978), counsel’s brief presents a chronological summation of the procedural history
of the case and further states that counsel is unable to raise any meritorious issues for appeal. 
            In his brief, Appellant’s counsel identified two possible appellate issues. First, Appellant’s
counsel contended that Appellant may be able to assert that he was entrapped by a confidential
informant. “Entrapment” is a defense to a prosecution that the actor engaged in the conduct charged
because he was induced to do so by a law enforcement agent using persuasion or other means likely
to cause a person to commit the offense. Tex. Pen. Code Ann. § 8.06(a) (Vernon 2003). However,
the defense of entrapment is not available to a defendant who denies that he committed the charged
offense. Russell v. State, 904 S.W.2d 191, 193 (Tex. App.–Amarillo 1995, pet. ref’d). The defense
is not available in such instances because entrapment necessarily assumes the act charged was
committed. Id. Here, Appellant testified at trial and denied committing the charged offense or even
seeing Benjamin before trial. See id. at 193-94 (stating that a defendant who pleads not guilty and
does not take the stand or offer testimony inconsistent with his commission of the crime is still
entitled to an entrapment defense). Therefore, Appellant is not entitled to offer a defense of
entrapment. See id. at 193. 
            The second possible issue identified by Appellant’s counsel is ineffective assistance of
counsel. In determining a claim of ineffective assistance of counsel, we follow the United States
Supreme Court’s two-pronged test in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80
L. Ed. 2d 674 (1984). Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under
the first prong of the Strickland test, an appellant must show that counsel’s performance was
“deficient.” Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Tong v. State, 25 S.W.3d 707, 712 (Tex.
Crim. App. 2000). “This requires showing that counsel made errors so serious that counsel was not
functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment.” Strickland, 466
U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant must “show that counsel’s
representation fell below an objective standard of reasonableness.” Id., 466 U.S. at 688, 104 S. Ct.
at 2064; Tong, 25 S.W.3d at 712. 
            Under the second prong, an appellant must show that the “deficient performance prejudiced
the defense.” Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Tong, 25 S.W.3d at 712. The
appropriate standard for judging prejudice requires an appellant to “show that there is a reasonable
probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been
different.” Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Tong, 25 S.W.3d at 712. We indulge in
a “strong presumption that counsel’s conduct falls within the wide range of reasonable professional
assistance.” Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. It is Appellant’s burden to overcome
the presumption that, under the circumstances, the challenged action might be considered sound trial
strategy. Id., 466 U.S. at 689, 104 S. Ct. at 2065; Tong, 25 S.W.3d at 712. Moreover, any allegation
of ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999). Appellant must prove both prongs of the Strickland test by a preponderance of the evidence
in order to prevail. Tong, 25 S.W.3d at 712. 
            In this case, Appellant’s trial counsel presented and cross-examined witnesses and attempted
to cast doubt on the quality of the videotape, the use and reliability of the confidential informant, and
the identification of Appellant in the videotape. We see nothing in the record showing
ineffectiveness or deficient performance and conclude that Appellant has failed to meet the first
prong of the Strickland test. See Thompson, 9 S.W.3d at 813. However, even if Appellant had met
the first prong of the Strickland test, he has failed to show that, but for counsel’s unprofessional
errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 694, 104
S. Ct. at 2068; Tong, 25 S.W.3d at 712. Therefore, we cannot conclude that Appellant’s former trial
counsel was ineffective. 
 
Conclusion
            We have reviewed the record for reversible error and have found none. As required by
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant’s counsel has moved for
leave to withdraw. We carried the motion for consideration with the merits of the appeal. Having
done so and finding no reversible error, Appellant’s counsel’s motion for leave to withdraw is hereby
granted and the trial court’s judgment is affirmed.
 
Opinion delivered October 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



































 
(DO NOT PUBLISH)